ACCEPTED
04-14-00878-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
4/1/2015 10:55:39 AM
KEITH HOTTLE
CLERK

NO. 04-14-00878-CR
NO. 04-14-00879-CR

| | | |
|---|---|---|
| **MATTHEW DOUGLAS HAYES** | § § § | **IN THE FOURTH** |
| **V.** | § § § | **DISTRICT COURT OF APPEALS** |
| **THE STATE OF TEXAS** | § § § | **SAN ANTONIO, TEXAS** |

## NOTICE TO CLERK OF DEFECTIVE CERTIFICATION AND MOTION FOR CORRECTION

TO THE HONORABLE JUDGES OF THE FOURT COURT OF APPEALS:

NOW COMES Nicholas "Nico" LaHood, Criminal District Attorney of Bexar County and Counsel for the State of Texas, and files this Notice to the District Clerk of the Fourth Court of Appeals.

Texas Rule of Appellate Procedure 25.2 governs appeals in criminal cases. Subsection (a)(2) states that the trial court shall enter a certification of a defendant's right to appeal any time there is a judgment of guilt or other appealable order. TEX. R. APP. P. 25.2(a)(2). In a plea bargain case where the punishment did not exceed the terms of the agreement, the defendant's right to appeal is restricted: he may appeal only matters that were raised in pre-trial written motions which were filed and ruled on before the trial, or he may appeal with permission of the trial court. *Id.* Subsection (d) addresses the certification, which is a document signed by the defendant confirming he was notified of his rights to appeal.

*Id.* § (d). Finally, subsection (f) permits amendment of a certification to correct a defect. *Id.* § (f). Once the appealing party's brief has been filed, as in the present case, the certification may only be amended with leave of the appellate court. *Id.*

In 2005 the Court of Criminal Appeals decided *Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005), which held that "an appellate court has the ability to examine a certification for defectiveness, and to use Rules 37.1 and 34.5(c) to obtain another certification, whenever appropriate." *Dears*, 154 S.W.3d at 614. The *Dears* Court also defined "defective" to include a situation where the certification may be correct in form, but contrary to the record. *Id.* The following year, in *Morgan v. State*, 185 S.W.3d 535 (Tex. Crim. App. 2006), the Court held that "if there is something in whatever record does exist that indicates that an appellant has the right to appeal, the court of appeals *must* determine whether the certification is deficient and resolve the conflict." *Morgan*, 185 S.W.3d at 537 (emphasis added).

In the instant case, the trial court's completion of the certification form is ambiguous, but the record contains clarification. The certification form contains a list of possible options with a check box next to each option; the court can simply mark the appropriate box and sign the form. On the certification form in this case, the trial court's "X" was placed between two possible check boxes. *See Appendix A, page 1.* Both boxes indicate this is a plea bargain case, but one designates the

right to appeal while the other specifies there is no right to appeal. *Id.* Under *Dears*, this Court has the authority to review the record to clarify and correct this defect. *Dears*, 154 S.W.3d at 614.

The plea bargain form signed by Appellant included a separate area, which required a separate signature expressly waiving his right to appeal. *Appendix A, page 6.* Appellant also signed the form entitled *Court's Admonishment and Defendant's Waivers and Affidavit of Admonitions*, which contains a provision specifying that Appellant would only have the right to appeal with permission of the court. *Appendix A, page 3, 4.* In addition to his written waivers, the court verbally admonished Appellant multiple times during both the plea hearing and sentencing. During his plea, the court reviewed the terms of the plea agreement and then admonished Appellant that if the punishment was within the parameters of the agreement that he would have no right to appeal; Appellant stated he understood. *Appendix B, page 6.* The court then clarified a second time that Appellant understood that he was waiving his right to appeal; again Appellant confirmed his understanding. *Id.* The case was reset for sentencing approximately nine months later at which time the court *again* verbally confirmed Appellant's signature on the certification of his right to appeal and asked if he understood that he had no right to appeal; Appellant confirmed his signature was on the certification and that he understood. *Appendix C, page 8–9; Appendix A, page 1.*

The certification of Appellant's right to appeal, which was filed with his notice of appeal is defective because it appears to indicate that Appellant has the right to appeal when, in fact, the record shows that Appellant does not have the right to appeal. There are four different places in the record where Appellant knowingly and voluntarily waived his right to appeal and stated his understanding that he was waiving his right to appeal in this plea bargain case. Under *Dears* and in accordance with Texas Rule of Appellate Procedure 25.2, Rule 37.1, and Rule 34.5(c) and (d), this Court has the authority to obtain a corrected certification from the trial court indicating that Appellant has no right to appeal in this case. TEX. R. APP. P. 34.5, 37.1; *Dears*, 154 S.W.3d at 614.

WHEREFORE, PREMISES CONSIDERED, Counsel for the State prays that the Clerk inform the trial court clerk of the defective certification and request a correction.

Respectfully submitted,

Nicholas "Nico" LaHood
Criminal District Attorney
Bexar County, Texas

/s/Amanda C. Byrd
**Amanda C. Byrd**
State Bar No. 24081811
Assistant Criminal District Attorney
101 W. Nueva Street
San Antonio, Texas 78205-3030
Phone: (210) 335-2157
Email: Amanda.Byrd@Bexar.org

## CERTIFICATE OF SERVICE

I, Amanda C. Byrd, Assistant District Attorney, Bexar County, Texas, certify that a copy of the foregoing motion was delivered by e-mail to Mandy Miller, attorney for appellant, at mandy@mandymillerlegal.com on April 1, 2015.

/s/ **Amanda C. Byrd**

# Appendix A



No. 2013 CR 1084 W

| The State of Texas | § | In the 437th District Court |
| vs. | § | of |
| Matthew Hayes | § | Bexar County, Texas |

### TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL*

I, judge of the trial court, certify this criminal case:

☐     is not a plea-bargain case, and the defendant has the right of appeal; (or)

☐     is a plea-bargain case, but the defendant has filed a notice of appeal that specifies the appeal if for a jurisdictional defect; (Tex.Rules App. Pro. 25.2(a)(2)(A));

☐     is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal; (Tex.Rules App. Pro. 25.2 (a)(2)(B)); (or)

☑     is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal; (Tex. Rules App. Pro. 25.2(a)(2)(c)); (or)

☐     is a plea-bargain case, and the defendant has NO right of appeal; (or)

☐     is a revocation of the defendant's community supervision, and the defendant has the right to appeal the court's action revoking the community supervision, but not the underlying conviction (Tex, Code of Crim. Pro. 42.12§23); (or)

☐     is an adjudication of guilt following a deferred adjudication, and the defendant has a limited right of appeal (Tex. Code of Crim. Pro. 2.12§5(b));

☐     is a decision on the defendant's motion for forensic DNA testing and the defendant has the right of appeal (Tex. Code of Crim. Pro 64.05);

☐     is one in which the defendant has waived the right of appeal.

_____
**JUDGE**

28 JAN 2014
_____
**Date Signed**

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a pro se petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals's judgment and opinion to my last known address and that I have only 30 days in which to file a pro se petition for discretionary review in the court of criminal appeals. Tex. R. App. P. 68.2.

I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a pro se petition for discretionary review.

_____
**DEFENDANT**

Mailing address:_____
Telephone number:_____

Fax number if any:_____

_____
**ATTORNEY FOR DEFENDANT**

Bar number: 04508390
Mailing address:_____

Telephone:_____
Fax:_____

*"A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEXAS RULE OF APPELLATE PROCEDURE 25.2(a)(2).

P.1

2013CR10841W
NO. ~~2013CR10491W~~



| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
|---|---|---|
| V. | § | 437TH JUDICIAL DISTRICT |
| MATTHEW DOUGLAS HAYES | § | BEXAR COUNTY, TEXAS |

## COURT'S ADMONISHMENT AND
## DEFENDANT'S WAIVERS AND AFFIDAVIT OF ADMONITIONS

**COURT'S ADMONISHMENTS:**

OFFENSE: **AGGRAVATED ROBBERY**
DEGREE: **F1**
STATUTE: **29.03 PC**
You are admonished that if convicted of a Felony the following applies:

FILED
_____ O'CLOCK _____ M.
DEC - 4 2013
DONNA KAY McKINNEY
District Clerk, Bexar County, Texas
_____ DEPUTY

### 1. RANGE OF PUNISHMENT

All time is served in Texas Department of Criminal Justice.

__X__ 5 years to 99 years or Life: Possible fine up to $10,000

_____ 2 years to 20 years: Possible fine up to $10,000

_____ 2 years to 10 years: Possible fine up to $10,000 if the offense occurred on or after September 1, 1994

_____ 2 years to 10 years: Possible fine up to $10,000 or up to 1 year in a Community Correction facility (for offenses committed after August 31, 1989 but before September 1, 1994)

_____ 25 years to 99 years or Life

_____ Other _____

### 2. PLEA BARGAINING

A recommendation of the prosecuting attorney as to punishment is not binding on the Court. The Court may accept or reject any plea bargaining agreement made between the State and the Defendant. If the Court rejects the plea agreement, the Defendant shall be permitted to withdraw the plea of guilty/nolo contendere and no statement or other evidence received during such hearing on the plea of guilty/nolo contendere may be admitted against the Defendant on the issue of guilt or punishment in any subsequent criminal proceeding.

P.2

If the punishment assessed does not exceed the punishment recommended by the prosecuting attorney (plea bargain), the trial court must give its permission to appeal any matter in the case except for those matters raised by written motion filed prior to trial and ruled upon by the Court. If a plea bargain is followed, this Court will not give permission to appeal.

## 3. TRIAL RIGHTS

You have a right to trial by jury, cross examination of witnesses and the right to remain silent.

## 4. CITIZENSHIP

If you are not a U.S. citizen, a plea of guilty or nolo contendere may result in deportation, exclusion from admission to this country or denial of naturalization under federal law. I have been explained these immigration consequences by my attorney.

## 5. DEFERRED ADJUDICATION

If the Court defers adjudicating your guilt and places you under community supervision, on violation of any condition you may be arrested and detained as provided by law. You are then entitled to a hearing limited to a determination by the Court of whether to proceed with an adjudication of guilt on the original charge. If, at such hearing, the Court makes the determination to proceed with an adjudication of guilt on the original charge, you may appeal such determination. After adjudication of guilt, all proceedings including the assessment of punishment and your right to appeal continue as if adjudication of guilt had not been deferred. The Court is also able to assess the full range of punishment.

You are hereby informed that, upon successful completion of deferred adjudication, you have a right to petition the court for an order of nondisclosure under Section 411.081, Government Code, unless you are ineligible because of the nature of the offense for which you are being placed on deferred adjudication or your criminal history.

## 6. SEX OFFENDER REGISTRATION PROGRAM

A plea of GUILTY or NOLO CONTENDERE that results in a conviction or placement on deferred adjudication for an offense under Chapter 62 of the Texas Code of Criminal Procedure will require you to register as a sex offender with local law enforcement officials as required by Chapter 62. You will also be required to report regularly and to obtain or maintain a Texas driver's license or certificate of identification identifying you as a sex offender. Violation of the registration and/or reporting requirements will subject you to additional criminal charges.

### DEFENDANT'S WAIVERS AND AFFIDAVIT OF ADMONITIONS

TO THE HONORABLE JUDGE OF SAID COURT:

I, MATTHEW DOUGLAS HAYES, the Defendant in this cause, having this day appeared in open court with my counsel and having been duly sworn, represent to the Court that I have received a copy of the information in this cause, that I fully understand its contents; that I know that I am charged with the felony offense of AGGRAVATED ROBBERY and that I waive formal arraignment and the reading of the charging instrument.

I, the Defendant, hereby enter a plea of GUILTY/NOLO CONTENDERE to this charge.

1. I have had my Constitutional and legal rights explained to me by my attorney, and have decided to waive my Constitutional right of trial by jury and enter this plea before the judge. I hereby request the consent and approval of the State's Attorney and of the Court to my waiver of trial by jury. I further represent to the Court as follows:

2. I am mentally competent now and was legally sane at the time that this offense was committed.

3. I have not been threatened, coerced or placed in fear by any person to induce me to enter my plea.

4. If I have a plea bargain agreement with the prosecutor, its terms are fully set forth in the attached document. I have received no promise from the prosecutor, my attorney or the Court which are not set forth in that document, and I realize that no one else would be empowered to make me any promises.

5. If I am pleading GUILTY, it is because I am guilty, and for no other reason. If my plea is one of NOLO CONTENDERE, it is because I have considered all aspects of my legal situation and discussed them with my attorney and have determined that the entry of such plea is in my own best interest.

6. If applicable, my attorney has explained to me the requirements and consequences of Chapter 62 of the Texas Code of Criminal Procedure Sex Offender Registration Program.

7. I understand the Courts admonishments as contained in this waiver.

8. I am satisfied with the advice and representation of my attorney in this case.

9. I have been explained my immigration consequences by my attorney.

MATTHEW DOUGLAS HAYES
Defendant

**DEC - 4 2013**

SWORN TO AND SUBSCRIBED TO ME THIS ____ day of _____, 2013.

Deputy District Clerk

p.4

I have counseled with the Defendant in this cause and have concluded that the Defendant has a rational, as well as a factual understanding of both the charge(s) pending and this proceeding. I have explained the law regarding all waivers set forth in this document and am satisfied that in each instance the defendant has voluntarily relinquished a known right. I join in the Defendant's waiver of the right of trial by jury. If applicable, I have explained to my client the requirements and consequences of Chapter 62 of the Texas Code of Criminal Procedure Sex Offender Registration Program.

L. MICHAEL COHEN
Attorney for Defendant

I consent to and approve the jury waiver in this case.

Assistant Criminal District Attorney
24007725

I approve the jury waiver and ORDER it filed in the papers of the cause. It plainly appearing that the Defendant is mentally competent; that his waivers have been entered voluntarily, in full knowledge of his rights; that the admonishments of the Court have been understood by the Defendant; that the Defendant's plea has not been induced by improper persuasion; and that the Defendant persists in his plea. The Defendant's plea is now accepted by the Court and the balance of this document is likewise ORDERED filed among the papers of the cause.

DEC - 4 2020

SIGNED and ENTERED this _____ day of _____, 2013.

Judge Presiding
437th Judicial District

## 120103 - AGGRAVATED ROBBERY

### PLEA BARGAIN

I, the undersigned Defendant, together with my counsel and counsel for the State, agree that in exchange for the Defendant's agreement to plead guilty or nolo contendere, to allow the State to prove its case by means of written stipulations. The State may make recommendations regarding punishment; however, it is understood by all that even in the event the parties agree to recommend specific conditions and terms of community supervision or deferred adjudication or the length of supervision that such recommendations are not part of the formal plea agreement and are not binding on the Court. All parties understand and agree that the terms, conditions and length of supervision of community supervision or deferred adjudication are to be determined and assessed solely within the Court's discretion. It is further understood and agreed by the parties that in the event the Court assessed terms, conditions and or a length of supervision of community supervision or deferred adjudication different from those agreed to by the parties, that such difference shall not constitute grounds for setting aside the Defendant's plea in this cause. If the court grants deferred adjudication, the State does not recommend any term of years as part of the plea agreement. All parties agree that if deferred adjudication is subsequently revoked, Defendant may be sentenced to any term of years within the range of punishment provided by law for this offense.

It is mutually agreed and recommended by the parties:

__X__ Prosecution to proceed only on Count(s) _____1 AND 2_____

_____ Defendant agrees that he has been previously convicted of one/two or more felonies for enhancement under 12.42 P.C.

_____ Class A Misdemeanor punishment with State Jail Felony Conviction under 12.44 P.C.

__X__ Punishment to be assessed at _____10_____ years CAP

__X__ Fine $ ___1500_____

__X__ Affirmative Finding of Deadly Weapon or 3G offense, Defendant not eligible for supervision under CCP 42.12,Sec.3

_____ There is no application for community supervision/deferred adjudication.

__X__ State will make no recommendation of Defendant's deferred adjudication/community supervision application. State reserves right to speak as to factual issues relevant to Defendant's punishment.

_____ State opposes community supervision/deferred adjudication.

_____ State recommends community supervision.

_____ State recommends deferred adjudication. 10 y42w

__X__ Concurrent with: ___2013CR_____(AGG ROB)_____

__X__ Causes taken into consideration: _____ GJ 582488 + GJ 582490_____

__X__ Restitution to be determined by the Court through the Community Supervision office or $__TO ALL VICTIMS_____

_____ Payable to victim in this cause number only: _____

_____ Payable to victims under: _____

__X__ Other: AGREE TO TESTIFY TRUTHFULLY TO THE CO-DEFENDANTS INVOLVEMENT IN THIS CASE and IF NOT THIS PLEA IS STILL BINDING HOWEVER THE FULL RANGE OF PUNISHMENT IS OPEN TO THE COURT.

### WAIVER OF APPEAL

I understand that upon my plea of guilty or nolo contendere, where the punishment does not exceed that recommended by the prosecutor and agreed to by me, my right to appeal will be limited to only: (1) those matters that were raised by written motion filed and ruled on before trial, or (2) other matters on which the trial court gives me permission to appeal. I understand that I have this limited right to appeal. However, as part of my plea bargain agreement in this case, I knowingly and voluntarily waive my right to appeal under (1) and (2) in exchange for the prosecutor's recommendation, provided that the punishment assessed by the court does not exceed our agreement. In addition, if and when I am sentenced to the Texas Department of Criminal Justice on this case, I hereby request transfer to said institution.

| | | |
|---|---|---|
| _____ | DATE 12-4-13 | _____ |
| DEFENDANT | | COUNSEL FOR DEFENDANT |

The above terms constitute our agreement, and there are no agreements not set forth above. The Defendant and Counsel request the Court to follow the plea bargain.

| | | |
|---|---|---|
| _____ | _____ | _____ |
| ASSISTANT DISTRICT ATTORNEY | ATTORNEY FOR DEFENDANT | DEFENDANT |
| 24001721 | | |

NOTE: The parties are not allowed to make binding agreements regarding the length of community supervision or the terms and conditions of community supervision, which are totally dependent upon the Court's discretion. The following recommendations do not constitute part of the formal plea agreement. However, the (State) (both parties) make the following non-binding recommendations:

_____ Community Supervision be granted for_____ years

_____ Treatment Alternative to Incarceration Program _____ Days in Bexar County Jail or State Jail (circle one)

_____ Hours Community Service _____ Substance abuse treatment facility

_____ Days Electronic Monitoring _____ Zero Tolerance Bootcamp or State Bootcamp Program (circle one)

__X__ No contact with ____WITH ALL VICTIMS_____

Other Punishment recommendations: _____

_____

_____

p.U

Appendix B

**REPORTER'S RECORD**
**VOLUME 1 OF 3 VOLUME(S)**
**COURT CAUSE NO. 2013-CR-10841W**

STATE OF TEXAS                    ) IN THE DISTRICT COURT

                                  )

VS.                               ) 437TH JUDICIAL DISTRICT

                                  )

MATTHEW HAYES                     ) BEXAR COUNTY, TEXAS


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLEA TO THE COURT**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


On the 4th day of December 2013, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Lori I. Valenzuela, Judge Presiding, held in San Antonio, Bexar County, Texas, before Linda A. Hernandez, 437th Official Court Reporter in and for the State of Texas, reported by stenographic and computer-aided transcription.

\* \* \* \* \*

**A P P E A R A N C E S**


**MR. MIGUEL NAJERA**
**SBOT NO. 24007729**
Assistant District Attorney
300 Dolorosa
San Antonio, Texas 78205
PHONE:   210-335-2311
ATTORNEY FOR THE STATE OF TEXAS


AND


**MR. L. MICHAEL COHEN**
**SBOT NO. 4508390**
Attorney at Law
1610 Broadway Street
San Antonio, Texas 78215-1223
PHONE:   210-464-5571
ATTORNEY FOR THE DEFENDANT

**VOLUME 1 OF 3 VOLUME(S)**

**PLEA TO THE COURT**

DECEMBER 4, 2013                          PAGE      VOL.

Appearances ..........................    2         1
Index ................................    3         1
Proceeding ...........................    4         1
Adjournment ..........................    9         1
Court Reporter's Certificate .........   10         1

LINDA A. HERNANDEZ, CSR
210.335.3228

**P R O C E E D I N G**

THE COURT: 2013-CR-10842 and 10841W the State of Texas versus Matthew D. Hayes.

All right. Mr. Hayes, in order for me to have jurisdiction of these cases and take these pleas, I normally need something called an indictment. An indictment is when the State takes evidence to a grand jury. They return a true bill of indictment telling you what you've been charged with and outlining the elements of the offense that the State has to prove. We're not proceeding with an indictment today, sir. We are proceeding instead with two informations. Each one outlines the allegations in each of these cases. Have you had the chance to review these informations with your attorney, and do you understand the charges pending in each of these cases?

THE DEFENDANT: Yes, ma'am.

THE COURT: Your signature on these forms tell me, among other things, that you understood you were waiving that indictment and proceeding with a felony information in each of these felony cases. Is this your signature telling me -- or acknowledging, in fact, that you were waiving indictment, sir?

THE DEFENDANT: Yes, ma'am.

THE COURT: Have you represented your

client for more than ten days?

MR. COHEN: I have, Your Honor.

THE COURT: Are you satisfied, Mr. Hayes, with your legal representation?

THE DEFENDANT: Yes, ma'am.

THE COURT: All right. The offenses outlined in each of these cases are aggravated robbery. In the State of Texas an aggravated robbery is punishable as a first degree felony, 5 to 99 years or life in the Texas Department of Criminal Justice with a possible fine of up to $10,000. Did you understand that range of punishment?

THE DEFENDANT: Yes, ma'am.

THE COURT: In each of these admonishments are a number of rights that you're entitled to, including your right to a jury trial. By signing this paperwork, you're telling me you want to waive those rights and enter into these agreements today; is that correct?

THE DEFENDANT: Yes, ma'am.

THE COURT: Is this your signature on each of these forms telling me that you're waiving those rights?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you believe that your

client has a factual and rational understanding of the charges that are pending against him?

MR. COHEN: Yes, Your Honor.

THE COURT: Has he been able to assist you with any possible defenses?

MR. COHEN: He has.

THE COURT: Do you believe that he's mentally competent today to enter into these agreements and waive his rights?

MR. COHEN: I do.

THE COURT: I'll accept the admonishments.

On the last page, sir, is the agreement that you've entered into with each -- in each of these cases. In each case there is to be a $1500 fine, punishment assessed at a cap of 10 years in the Texas Department of Criminal Justice. You're applying for deferred adjudication and the State is making no recommendation on that application. There is to be an affirmative finding of a deadly weapon, a 3g offense. These cases are to run concurrently. Restitution is to be paid to the victims in each of these cases. In exchange for these pleas, two grand jury cases are going to be taken into consideration or dismissed. Grand jury number 582488 and grand jury number 582490. They are

both aggravated robberies as well. In the agreement also there is an outlined portion that discusses testifying truthfully and to your involvement in this case. Did you understand that to be the plea agreement?

THE DEFENDANT: Yes, ma'am.

THE COURT: Was that your understanding?

MR. COHEN: Yes, Your Honor.

THE COURT: And yours as well?

MR. NAJERA: Yes, Your Honor.

THE COURT: Outside the agreement the State has made the recommendation that there be no contact with the victims named in each case, including but not limited to Nathan Lawson, Nicholas Raden, Roxanne Cunningham, Sabriya Goldstone. Did you know they would make those recommendations to me, sir?

THE DEFENDANT: Yes, ma'am.

THE COURT: You signed here telling me in each of these cases that if I follow these agreements, you will have no right of appeal. Did you in fact understand that, sir?

THE DEFENDANT: Yes, ma'am.

THE COURT: You understood that you're waiving that right?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. Is this your signature

on each of these forms?

THE DEFENDANT: Yes, ma'am.

THE COURT: Are you an American citizen, sir?

THE DEFENDANT: Yes, ma'am.

THE COURT: To the first case 2013-CR-10841W involving Nathan Lawson and Nicholas Raden, are you pleading guilty, not guilty, or no contest?

THE DEFENDANT: Guilty.

THE COURT: Are you pleading guilty, sir, because you are in fact guilty?

THE DEFENDANT: Yes, ma'am.

THE COURT: In the other case, are you pleading guilty, not guilty, or no contest?

THE DEFENDANT: Guilty.

THE COURT: And again, are you pleading guilty because you are in fact guilty?

THE DEFENDANT: Yes, ma'am.

THE COURT: Have you been threatened or forced into either agreements?

THE DEFENDANT: No, ma'am.

THE COURT: Have you been promised anything in exchange for these pleas?

THE DEFENDANT: No, ma'am.

THE COURT: In each case I will note your

guilty plea and the State may proceed.

MR. NAJERA: Separately in each case, the State offers State's Exhibit 1 and its attachments, Your Honor.

MR. COHEN: No objection in each case.

THE COURT: The evidence is admitted in each case.

In each case I find that there is sufficient evidence to establish a finding of guilt; however, we are going to come back at a later date, and at that time I will impose my sentence. Okay. We are going to get a date -- right now it should be the second week of January. We will see you then, sir.

Anything else from either side?

MR. NAJERA: No, Judge.

MR. COHEN: No, Your Honor.

(End of Proceeding)

-o0o-

STATE OF TEXAS               )

COUNTY OF BEXAR              )

I, Linda A. Hernandez, Official Court Reporter in and for the 437th District Court of Bexar, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $50.00 and was paid by Ms. Mandy Miller.

WITNESS MY OFFICIAL HAND this the 29th day of September 2014.

**/S/ LINDA A. HERNANDEZ**

_____
Linda A. Hernandez, CSR 4851
Expiration Date:  12-31-2015
437th Official Court Reporter
300 Dolorosa, 3054
San Antonio, Texas 78205
Phone:  210-335-3228

Appendix C

**REPORTER'S RECORD**
**VOLUME 3 OF 3 VOLUME(S)**
**COURT CAUSE NO. 2013-CR-10841W**

STATE OF TEXAS ) IN THE DISTRICT COURT

)

VS. ) 437TH JUDICIAL DISTRICT

)

MATTHEW HAYES ) BEXAR COUNTY, TEXAS

*********************************

**SENTENCING**

*********************************

On the 9th day of September 2014, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Lori I. Valenzuela, Judge Presiding, held in San Antonio, Bexar County, Texas, before Linda A. Hernandez, 437th Official Court Reporter in and for the State of Texas, reported by stenographic and computer-aided transcription.

* * * * *

**A P P E A R A N C E S**


**MR. CHRIS RAMOS**
**SBOT NO. 24037329**
Assistant District Attorney
300 Dolorosa
San Antonio, Texas 78205
PHONE:   210-335-2311
ATTORNEY FOR THE STATE OF TEXAS


AND


**MR. L. MICHAEL COHEN**
**SBOT NO. 4508390**
Attorney at Law
1610 Broadway Street
San Antonio, Texas 78215-1223
PHONE:   210-464-5571
ATTORNEY FOR THE DEFENDANT

**VOLUME 3 OF 3 VOLUME(S)**

**SENTENCING**

**SEPTEMBER 9, 2014**                              **PAGE**      **VOL.**

Appearances .........................        2          3
Index ...............................        3          3
Proceeding ..........................        4          3
Argument by Defense .................        5          3
Sentencing ..........................        7          3
Adjournment .........................        9          3
Court Reporter's Certificate .........       10          3

**P R O C E E D I N G**

THE COURT:  2013-CR-10841W and 2013-CR-10842W the State of Texas versus Matthew Hayes.

Sir, by way of procedural history, you were here on December 4th of 2013.  You entered into a plea with the State at that time.  Subsequent to that date, on the 28th of January, 2014, you were before the Court, and we did hear testimony from a number of witnesses in anticipation of today's hearing.  I believe there were four witnesses.  I have jotted -- or noted that Jonathan Hayes took the stand, Sandra Hayes took the stand, Melvin Hayes and Dr. Ferrell.  And so we're here today for the PSI.

Since that date, the day of the plea agreement in December, there was a presentence investigation report generated for both of the cases.  Did you get a chance to either review this with your attorney or discuss the contents of this with your attorney?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Are there any changes, corrections, or deletions to this PSI?

THE DEFENDANT:  No, Your Honor.

THE COURT:  Anything that you would like to offer on behalf of Mr. Hayes?

LINDA A. HERNANDEZ, CSR
210.335.3228

MR. COHEN: I would, Your Honor.

Your Honor, first I want to thank the Court -- I guess for having the overview of this case not to rush to judgment way back when, when you first were given an opportunity to sentence the defendant. Part of the plea bargain was he agreed to testify against his codefendants. And the State and I didn't think it through, if you had sentenced him back then, well then how could you have, you know, held this over him to comply with that part of the plea bargain.

By you doing that though, you have given this defendant a chance to do stuff that not many defendants can do while they're awaiting sentencing. And that's to prove to you that either they take this seriously and comply with conditions for eight months now, or that they don't take this seriously, disobey the Judge's instructions and prove that they are not a good candidate for supervision.

You may recall that the defendant's family, who are back here today, are from the Atlanta, Georgia area. You may also recall that you allowed him to leave the jail on a PR bond with GPS monitoring. You may remember more than you should have because I was bothering the Court a whole bit trying to get him out of jail at that time because of GPS requirements. That was

all done within a day or two of his return to the Atlanta, Georgia area.

He doesn't live in the City of Atlanta itself. He lives in the county next to that, Henry County. But it's kind of like if you live in New Braunfels and you commute to San Antonio back and forth. He lives in a county just right next to Atlanta, Georgia area.

Also, you requested the defendant go to the VA Hospital and continue with the diagnosis, prognosis and treatment for the mental health issues that were presented to you by Dr. Ferrell. I've shown the State a copy of this, but this is a summary letter showing the diagnosis, prognosis and treatment for him.

THE COURT: Okay. So this documentation supports the initial diagnosis, but tells me that he's just starting group in September -- on September 26. So he made all of these, was that --

MR. COHEN: That's correct, Your Honor.

THE COURT: Okay. I got it. Thank you.

MR. COHEN: And now he has reached the level of treatment, I guess, where they want to expand it not only to one on one, but now to a group counseling which starts September 26.

THE COURT: Okay. Thank you.

MR. COHEN: So he did that as requested. Also GPS -- he's complied with that. He's been under house arrest basically except to go to his medical appointments. So here we are eight months later with a person who has done everything this Court has asked him to do. He still has the same family support. He still has a family that welcomes him into their home where he's lived and will continue to live if you allow him to be placed on community supervision. And you heard all the testimony, Judge.

I think the last thing you heard was from the defendant's father where he just said, Please let my son come home. And that's kind of -- I can't add more to that, Judge.

So I would just thank you for everything you've done up to this point in allowing this defendant to try to prove to you that he would be a good candidate for deferred adjudication.

THE COURT: Is there any legal reason that I should not proceed to sentencing at this time?

MR. COHEN: No, Your Honor.

THE COURT: All right. Mr. Hayes, in 2013-CR-10841W and 2013-CR-10842W, I'm going to find you guilty of the offense of aggravated robbery. In each of these cases I'm going to impose a $1500 fine, plus court

costs, seven years in the Texas Department of Criminal Justice. You will get credit for all the time that you've served, money and time are going to run concurrently. I am going to order that there be no contact of the victims named in these cases, and I am going to make an affirmative finding of a 3g offense.

There were two other agg robberies that were going to be taken into consideration. I need you to tell me if it's true or not true that you're accepting responsibility for those two cases. If you tell me that it's true, I am going to dismiss them on your behalf, and the State will not be able to prosecute you for these cases at a later date. Is it true or not true that you are accepting responsibility for grand jury number 582488? True?

THE DEFENDANT: Yes, ma'am.

THE COURT: True or not true that you are accepting responsibility for grand jury number 582490?

THE DEFENDANT: Yes, ma'am.

THE COURT: I will dismiss both cases on your behalf.

You signed a certification of defendant's right of appeal in each of your cases telling me that you understood that there would be no right of appeal if I followed the agreement, and I did follow the agreement

in each case. Is this your signature on each of these certifications?

THE DEFENDANT: Yes, ma'am.

THE COURT: I'm going to hand two copies of this to your attorney, and one copy will be for you. And I know you were here, sir, listening to Mr. Jerrod's sentence and I can imagine the terror that ran through you when I imposed that sentence. I cannot -- as a military brat, I cannot tell you how sad I am and horrified by y'all's actions because I think you are the most honored people in our country. You -- law enforcement and anybody who served time. Because a lot of us will never, ever serve time. So I'm sorry that your actions have put you here. Because I think under any other circumstance, you would be honored by all of us, including me. So good luck to you.

(End of Proceeding)

-o0o-

STATE OF TEXAS          )

COUNTY OF BEXAR         )

I, Linda A. Hernandez, Official Court Reporter in and for the 437th District Court of Bexar, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $50.00 and was paid by Ms. Mandy Miller.

WITNESS MY OFFICIAL HAND this the 29th day of September 2014.

**/S/ LINDA A. HERNANDEZ**

_____
Linda A. Hernandez, CSR 4851
Expiration Date:  12-31-2015
437th Official Court Reporter
300 Dolorosa, 3054
San Antonio, Texas 78205
Phone:  210-335-3228